IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JAMES ROSS**                                                                   **PETITIONER**

**V.**                                **CIVIL ACTION NO. 3:21CV785 CWR-LGI**

**WARDEN J. VIGILANTE, et. al**                            **RESPONDENT**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

James Ross seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondents assert that the petition is time-barred under 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 and move to dismiss it on these grounds. After a review of the record and the applicable law, the undersigned recommends that the petition be dismissed with prejudice.

Following his sexual battery and statutory rape convictions in the Circuit Court of Warren County, Mississippi, Ross was sentenced on December 11, 2018, to concurrent and consecutive 30-year terms in the Mississippi Department of Corrections. The Mississippi Supreme Court affirmed Ross's convictions and sentences on January 30, 2020. *Ross v. State*, 288 So.3d 317 (Miss. 2020). Ross did not seek certiorari review, but filed a motion for post-conviction collateral relief, signed August 3, 3021, on August 9, 2021. The motion was denied by the Mississippi Supreme Court on September 22, 2021. Ross filed the instant petition for habeas corpus relief on December 10, 2021.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on state prisoners filing a federal habeas petition. Under 28 U.S.C. § 2244(d)(1), AEDPA provides that the statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(1)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2). Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See Madden v. Thaler,* 521 F. App'x 316 (5th Cir. 2013). AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v.*

*Florida*, 560 U.S. 631, 649 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Ross's convictions became final on June 29, 2020, 150 days after the Mississippi Supreme Court affirmed his convictions. Though Ross did not seek certiorari review from the United States Supreme Court after his direct appeal ended, he is credited with the time period permitted for doing so—150 days for petitions for writ of certiorari filed between March 19, 2020, and July 19, 2021.[1] *See* United States Supreme Court Order List 589, Mar. 2020; U.S. Sup.Ct. R. 13(1); *see also Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003) (statute of limitations begins to run when time for seeking further direct review expires). Thus, to toll the statute of limitations, Ross was required to file a motion for post-conviction collateral relief in state court on or before June 29, 2021. Because he failed to so, AEDPA's statute of limitations period ran uninterrupted from June 29, 2020, through June 29, 2021. Accordingly, absent equitable or statutory tolling, the instant petition filed on December 10, 2021, is untimely.

Moss does not deny that his habeas petition is untimely, nor does he contend that he was unaware of AEDPA's statute of limitations. Rather, he argues that the following

---

[1] Ordinarily, a petition for writ of certiorari to review a judgment must be filed within 90 days after the entry of the judgment or the order denying discretionary review. U.S. Sup.Ct. R. 13(1). However, by Order of the United States Supreme Court, dated March 19, 2020, the time period was expanded from 90 to 150 days due to the Covid-19 pandemic. On July 19, 2021, the Court rescinded the order for all cases in which the relevant lower court judgment or order was issued after July 19, 2021.

3

circumstances affected his ability to pursue post-conviction remedies and should not bar his petition (as stated by Petitioner):

> Petitioner has been waiting on the State of Mississippi Supreme Court to make a ruling on his post-conviction and the Petition was filed in a timely manner in state court without delay. Petitioner is a pro se inmate which heav[i]ly relie[s] on the state prison legal system for case law which is only 5 cases per week and Petitioner must do research and exhaust[t] all state remed[ies] first. Also there are fundamental rights that are violated in this case that's constitutional.

None of these reasons warrant equitable or statutory tolling of the federal statute of limitations.

First, Ross filed his state court motion for post-conviction relief in August 2021, after the state of limitations expired. A petitioner cannot revive an expired limitations period by filing a late petition, and Ross has offered no explanation for his failure to file before then. *See Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999).

Second, every inmate in the custody of the Mississippi Department of Corrections has access to legal assistance, case law and other legal materials through the Inmate Legal Assistance Program, ("ILAP") which was substituted for hardback libraries in 1997. *See Neal v. Bradley*, 2:05CV67 M-B, 2006 WL 2796404 (N.D. Miss. Sept. 25, 2006) (referencing the affidavit of Gia N. McLeod, Director of the ILAP). Through ILAP, inmates can submit a research request related to any issues relevant to challenging his conviction and sentence. Upon request, they also receive a post-conviction packet containing an overview of federal habeas, including a discussion of the one-year statute of limitations period. *Neal,* 2006 WL 2796404 at *3-4.* Moss does not allege that he was

denied access to ILAP and, as noted, he does not claim that he was unaware of the statute of limitations.

Lastly, the Fifth Circuit has repeatedly held that the inability to obtain research materials, an inadequate law library, or ignorance of the law are not "rare and exceptional" circumstances that warrant equitable tolling of the AEDPA limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 & n. 3 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). Nor is proceeding *pro se* "a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim." *Felder v. Johnson*, 204 F.3d 168, 171 (C.A.5 (Tex.),2000).

Thus, Ross has failed to show that he exercised reasonable diligence in pursuit of his federal habeas claims, or that some extraordinary circumstance prevented him from filing before the expiration of the statute of limitations. None of AEDPA's other statutory exceptions are alleged, nor are they applicable, and none of Petitioner's remaining arguments are relevant to the timeliness of his federal habeas petition. In the absence of any evidence warranting statutory or equitable tolling, the Court finds Petitioner's habeas petition is time-barred by 28 U.S.C. section 2244(d)(1)(A) and should be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation. Within 7 days of the service of

the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on March 29, 2022.

s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE
